### GASQUET *v.* CRESCENT CITY BREWING CO.

*(Circuit Court, E. D. Louisiana.   February 5, 1892.)*

**1. MASTER'S REPORT—TIME OF FILING.**
The term "month," as used in equity rule 83, giving one month from the time of filing a master's report to file exceptions thereto, means a calendar, and not a lunar, month; therefore, where the report is filed on May 28th, a confirmatory order, made June 28th, is premature.

**2. SAME—WITHDRAWAL OF EXCEPTIONS—CONFIRMATION.**
The formal withdrawal by an exceptor of an exception to a master's report on the order-book and in a paper filed by the exceptor in the cause is a sufficient withdrawal of the exception, although no order of discontinuance is allowed by court, and the report will stand confirmed, under equity rule 83, after the lapse of time fixed therein.

**3. MASTER'S REPORT—EXCEPTIONS—CONFIRMATION.**
Where a receiver, not in his capacity as trustee, but for himself, and against the trust-estate, provokes, adversely to all others in interest, a contest, by presenting to the court a claim for compensation, and the matter is referred to a master, his report, so far as exception thereto is concerned, falls within equity rule 83, providing that the report shall stand confirmed on the next rule-day after a month has expired without the filing of exceptions; and equity will not hear exceptions made thereafter, unless the party was prevented from making them in time through accident, surprise, mistake, or fraud.

In Equity.   On exceptions to master's report.
*Richard De Gray* and *F. B. Thomas*, for petitioners.
*E. Howard McCaleb* and *Frank L. Richardson*, for respondent.

BILLINGS, District Judge.   The court allows the amended and enlarged statement of the testimony to be filed, for the filing of which leave was asked by the solicitors of the petitioners. Indeed, it may be doubted whether the practice in this district, under rule of May 22, 1880, whereby it is required that each party shall file a note of evidence, giving by specific reference all the testimony which is relied upon, does not do away with the objection for want of fullness of reference to the testimony which, in districts where that rule does not obtain, would be good.

As to the meaning of the term "month" in rule 83, I think it is a calendar, and not a lunar, month.   It would, therefore, follow that, as

the report was filed on May 28th, and the order confirming the report was made on June 28th, the confirmatory order was premature.

The exception of Bailey was in time. Although no order of court was entered allowing a discontinuance, I think his formal withdrawal of it on the order-book and in a paper filed by him in the cause was enough to cause it to be held as withdrawn by him. As an exception it had ceased to exist in the cause. When, therefore, the successive rule-days after that of August and before that of February, during which month this petition was filed, occurred, the first report of the master, in the language of the rule, was as of course confirmed.

It has been suggested by the solicitor of the petitioners that the fact that the matter in dispute was a fee of the receiver would make it, under the usages of chancery, to be not operated upon by rule 83, but would leave it, notwithstanding the rule and the lapse of time, open to objection by those in interest. I do not think this view can be maintained. It is true that in the chancery practice the receiver's accounts which he has stated—that is, those which involve his receipts and expenditures as trustee—are liable to question at any time before the cause is closed by a final decree. But where, as in this case, the receiver, not in his capacity as trustee, but for himself, and against the trust-estate, provokes, adversely to all others in interest, a contest, by presenting to the court a claim for compensation, and the matter is referred to the master, who files his report, I think it is like any other matter referred to the master and reported upon; and that the report, so far as the time for exception thereto is concerned, falls within the dominion of the rule. It follows that, after the occurrence of the rule-day next following the withdrawal of the exception of Bailey, the report of the master, which had been filed on May 28th, in the language of rule 83, stood confirmed. The effect of such a state of facts, as far as relates to the cutting off of exceptions, is analogous to the effect of a judgment after the term at which it was rendered had terminated; that is, the rule, as a general canon, precludes subsequent exceptions. However, a court of equity would, while the fund is under the control of the court, still hear exceptions from those who had been prevented from making them within the time fixed by the rule through accident, surprise, mistake, or fraud. As to all others the rule is absolute. In *Foote* v. *Van Ranst*, 1 Hill, Eq. 185, the precise point was passed upon, and the court refused to consider exceptions, because not filed within the time of the rule, and not accompanied by proof of the facts constituting an equity which would take the case out of the rule. There the equity asserted arose from the inadvertence of the exceptor, and could have been shown by simple affidavit. Here the excuse for the delay was claimed to lie in the fraudulent devices or misrepresentations of the receiver, whereby the exceptor was misled into inaction; and therefore, upon the presentation of the petition, the court ordered full investigation before the master, who has found against the petitioners,—that is, that the allegations of fraud have not been sustained by the proofs. The correctness of this finding as presented by the exceptions will first be

considered; for, if the finding is correct, the petitioners, under the operation of rule 83, are concluded.

The charges of fraud or fraudulent practices on the part of the receiver, contained in the petition, or urged in the oral argument, may be summarized under four heads, as follows: (1) That there was a conspiracy between the receiver and the president of the board of directors of the Crescent City Brewing Company, in pursuance of which the latter gave evidence before the master in the receiver's favor, as well as omitted to oppose the receiver's claim; (2) that the receiver, through Mitchell and the other employes of the receiver, caused statements to be made to the stockholders upon the occasion of their being asked to sign a consent to convey the brewing establishment, after its sale by the receiver, to the effect that the stockholders would receive not more than 100 per cent. upon the par value of their shares; (3) that at a meeting of the directors, at which stockholders were present, the receiver stated that the charges for administration of the property in his hands, including his fees and those of the attorneys, would not exceed $30,000; and (4) that at Baton Rouge, when waited upon by a committee of stockholders within the time allowed for filing exceptions, the receiver misled them by promises to reduce the amount of his fee as allowed by the master. As to the first charge, the master reports, and I think the solicitor for the petitioners admitted at the argument, that it was unsustained by the testimony. As to the other allegations or charges of fraud or fraudulent practices, it is the view of the master that they have not been maintained by the evidence, and in this view I concur. So far as concerns the basis of reopening the matters passed upon in the first report, the case stands thus: after the report of the master had, by virtue of its having been filed, and by the occurrence of several successive rule-days, stood confirmed, the petitioners, who are stockholders, filed a petition, in which were averred matters which, if proven, were sufficient to take the case out from the operation of rule 83, and to have entitled them, even then, to file exceptions to the report. The evidence does not sustain these grounds. The case of the petitioners is therefore decided by the rule itself. Upon general principles it is like a case of a complainant who brings a bill for relief based upon allegations of fraud. If the fraud is not proven, the jurisdiction ceases, and the relief is refused. Evidence most voluminous was taken upon the quantum or amount of fee, and the master, in connection with his report, has presented an elaborate analysis, as well as a concise summary, of the testimony upon that subject. This testimony is in the record, and can be dealt with by the appellate court in case of appeal, and in case that tribunal should take a different view of the effect of rule 83 as applied to the facts of this case. But in my opinion, upon the case as established by the evidence, the rule is a limitation which cannot be disregarded. The decree will therefore be that the petition be dismissed.